### ED CHOICE v. THE STATE.

#### No. 3914. Decided December 18, 1907.

**1.—Assault With Intent to Murder—Bail—Practice in District Court.**

Under the Act of the Thirtieth Legislature, page 31, section 2, the defendant had the right to remain on bail during his trial for assault with intent to murder, and the action of the court in forcing him into the custody of the sheriff pending his trial was unauthorized and reversible error.

**2.—Same—Charge of Court—Shooting in Crowd.**

Where in a prosecution for assault with intent to murder, the indictment charged the defendant with an assault upon two certain persons, a conviction must be predicated upon shooting at one or both of such parties with intent to kill, and a charge that if defendant shot into a crowd which embraced these parties with a specific intent to kill one or more in the crowd, was error.

**3.—Same—Evidence—Conspiracy—Detective—Declaration of Third Party.**

Upon trial for assault with intent to murder it was error to admit in evidence the declaration of an accomplice to a third party, made in the absence of defendant, that he, defendant and others had conspired to kill the hogs of the prosecutor, out of which transaction the assault arose; this was simply a narration of the fact that a conspiracy had been entered into, without showing that the same still existed, and was not made in furtherance of the common design; the same was purely hearsay and not admissible, as the statement of a co-conspirator, or to corroborate the accomplice; but might possibly have been admissible to show that the declarant was a detective.

Appeal from the District Court of Smith.   Tried below before the Hon. R. W. Simpson.

Appeal from a conviction of an assault with intent to murder; penalty, four years imprisonment in the penitentiary.

The facts of this case will be found in Spencer v. State, ·52 Texas Crim. Rep., 289.

*R. H. C. Butler* and *Fitzgerald & Butler,* for appellant.—On question of admitting the statement of accomplice: Clay v. State, 40 Texas Crim. Rep., 556; Dungan v. State, 39 Texas Crim. Rep., 115; Cohea v. State, 11 Texas Crim. App., 153.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of assault with intent to murder, and his punishment was fixed at four years confinement in the penitentiary.

Prior to the trial, appellant had given bond for his appearance before the trial court.   When the case went to trial appellant was, over his objection, placed in the hands of the sheriff during said trial.   The bills of exception state various grounds why this was error and detrimental to him, and claim the benefit of the Act of the Thirtieth Legislature, page 31, which authorized him to go upon his bail during his trial. Section 2, of the act supra, provides: "That where the defendant in cases of felonies is on bail when his trial commences, the same shall not thereby be considered as discharged until the jury shall return into the court a verdict of guilty and the defendant taken in custody by the sheriff, and he shall have the same right to have and remain on bail during the trial of his case and up to the return into court of such verdict of guilty, as under the law he now has before the trial commences, but immediately upon the return into court of such verdict of guilty, he shall be placed in the custody of the sheriff and his bail be considered as discharged."   It would seem from a reading of these provisions that appellant had the right to remain on bail during his trial, and that the action of the court in forcing him into the custody of the sheriff, pending his trial, was unauthorized.   What effect this may have had upon his case before the jury we are unable to say, but they assessed his punishment at four years in the penitentiary.   While this may be, the statute guarantees to him the right to go upon bail, free from restraint by the sheriff, or from being held in custody by the sheriff, while his trial is in progress.   The statute has been violated in one of its essential elements beneficial to the accused party.

The indictment charges the assault to have been made upon Jim Williams and W. D. Lowry.   The court charged the jury that if they should find from the evidence that appellant, with malice aforethought, shot at Jim Williams and W. D. Lowry with intent to kill them, etc., or if they should find that defendant, with such malice aforethought, shot at

a crowd with a gun or pistol, two of whom were Jim Williams and W. D. Lowry, with the specific intent to kill one or more in the crowd, etc. * * * that he ould be guilty of assault with intent to murder. Exception was reserved to this portion of the charge. We believe the exception to this charge is well taken. Appellant was charged with shooting at two parties and the conviction must be predicated upon shooting at one or both of those parties with the intent to kill. He should not be convicted for shooting at any other party in the crowd if there were more than these, and the evidence shows there was. See Brown v. State, 16 Texas Crim. App., 197.

Bills of exception were reserved to the ruling of the court admitting statements made by Reece Post to Gus Lott and by the same witness to Will Phillips, and also statements by the same witness to Jim Williams. One of these, perhaps, is sufficient to illustrate the three bills of exception. Gus Lott was permitted to testify that on Sunday morning before the alleged assault with intent to kill that he had a conversation with Reece Post in which Reece Post told him that Dave Choice and the said Post had entered into an agreement by which they, meaning Dave Choice and others would go to the hog pen of Jim Williams and kill his hogs. This was admitted by the court on the theory that a conspiracy had been shown between D. D. Choice, appellant, Dave Spencer and Reece Post to do the very thing that Post told Lott they were going to do and that this was the declaration of a co-conspirator pending the conspiracy and which was still in existence at the time the statements were made and before its final consummation. It is a very serious question whether the conspiracy was pending or not, but concede it was, we are of opinion this testimony was not admissible as against appellant. It was not in furtherance of any design; it was just simply a narration of the fact that a conspiracy had been entered into between them to kill hogs belonging to another party. Wherever there is an attempt or an offer to use the statements of one co-conspirator against another, made in the absence of the other, it will be rejected unless the statements or the acts are in furtherance of the common design. The fact that Post told Lott that he and another, or others, were going to kill hogs, was not in furtherance of the common design and it would not be used against the alleged absent co-conspirator, nor could Post corroborate himself by the use of this character of evidence. It is purely hearsay and should have been rejected. If admitted to assist in showing that he was a detective there might have not been error. For discussion of this question see Spencer v. State, this day decided. It is unnecessary to discuss the other bills.

For the errors mentioned, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Henderson, Judge, absent.