## DAVE SPENCER V. THE STATE.

No. 3915. Decided December 18, 1907.

**1.—Assault With Intent to Murder—Appearance Bond—Practice in District Court.**

Where upon trial for assault with intent to murder, the court during the trial of the cause directed the sheriff to place defendant in jail, he having executed bond as required by law, there was error, as under the Act of the Thirtieth Legislature, page 31, he could remain on bail during the trial, and until the return of the verdict of guilty.

**2.—Same—Accomplice—Detective—Evidence.**

Where upon trial for assault with intent to murder, a State's witness testified that he had a conversation shortly before the alleged assault, with one of defendant's alleged co-conspirators, who had testified for the State, in which the latter told him that defendant and others would go to the hog pen of prosecutor and kill the prosecutor's hogs; and the court admitted this testimony on the ground that the State had already shown a conspiracy between defendant and said co-conspirator and others, to kill prosecutor's hogs and kill any one who interfered, and that this testimony was the declaration of a co-conspirator made before the crime was committed. Held, that an accomplice cannot be corroborated by his own statement, and that the testimony was not admissible for that purpose, but might be admissible as the statement of a detective, said co-conspirator having informed prosecutor of said conspiracy, before it was carried out.

**3.—Same—Charge of Court—Limiting Testimony.**

Where on the trial of felony, testimony was admitted of a conspiracy between the defendant and others, by a witness under the theory that he was a detective, and who testified as to the formation of such conspiracy, and who testified not as an accomplice, such testimony should be limited by a charge of the court to the purpose for which it was admissible.

**4.—Same—Evidence—Husband and Wife—Codefendant.**

Upon trial for assault with intent to murder, it was error to permit the wife of a codefendant, who was indicted for the same offense but by different indictment, to testify against the defendant, her husband not having testified and his case being still pending.

**5.—Same—Charge of Court—Accomplice.**

Where upon trial for assault with intent to murder, the facts were apparent from the evidence that a State's witness who testified was an accomplice, there

was no error in the charge of the court instructing the jury that he was an accomplice.

**6.—Same—Charge of Court—Specific Allegation in Indictment.**

Where in a prosecution for assault to murder, the indictment specifically alleged that defendant shot at one certain party, it was error to charge that if defendant with intent to kill said party, or some one in the crowd, shot said party, etc.

Appeal from the District Court of Smith. Tried below before the Hon. R. W. Simpson.

Appeal from a conviction of assault with intent to murder; penalty five years imprisonment in the penitentiary.

The opinion states the case.

*R. H. C. Butler* and *Fitzgerald & Butler,* for appellant.—On question of corroboration of accomplice: Clay v. State, 40 Texas Crim. Rep., 556; 51 S. W. Rep., 212, and authorities cited in the opinion. On question of admitting testimony of wife of codefendant, counsel cited the cases set out in the opinion. On question of assuming that State's witness was an accomplice: Bell v. State, 39 Texas Crim. Rep., 677; 47 S. W. Rep., 1010. On question of charge of court as to defendant shooting in a crowd, etc., counsel cited cases named in the opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of an assault with intent to murder one Jim Williams, and his punishment assessed at confinement in the penitentiary for five years.

Appellant's first ground of the motion for a new trial complains that the court erred in remanding the defendant to the custody of the sheriff and directing the sheriff to place said defendant in jail during the trial of the cause, defendant having executed bond for his appearance as required by law. The Acts of the Thirtieth Legislature, page 31, entitle appellant, where he is under bond, as the record in this case shows, to remain on bail during the trial of his case and up to the return into court of a verdict of guilty, and the court erred in remanding appellant to custody.

The facts in this case, in substance, show the following: Reece Post, Ed Choice, D. D. Choice, and Dave Spencer (appellant), according to the testimony of the said Reece Post, formed a conspiracy to steal the hogs belonging to the prosecuting witness, Jim Williams. The said prosecuting witness testified to the above facts, in substance, and further stated that the said Reece Post told Gus Lott the same facts, and Gus Lott told Reece Post to go and let the prosecuting witness, Williams, know about it, and said Post informed Williams that said parties would come armed to his pen, which was located in the woods and if he resisted their efforts to take the hogs, that they would fight and kill him. The witness, Williams, went to the place where the hogs were, in company

with his son and the constable, named Lowry. When they got within twenty steps of the hog pen they saw Ed Choice. The constable told him to throw up his hands, or something of that sort, and Choice turned around and fired his gun immediately. "Mr. Lowry and I fired our guns and covered everything in smoke, and I run up to the fence and saw Dave Spencer and D. D. Choice in the pen, and as I was raising my pistol they fired at me. Ed Choice shot towards us, but shot over us. I don't think I was over ten steps from the pen, when the others began to shoot their guns. They were shooting pistols. Ed Choice was shooting a shotgun. After the firing took place we got through the fence and went to the pen, and they had run off across the field. This is a sufficient statement of the facts to illustrate the points necessary to be passed on in this record.

Bill of exceptions, No. 2, shows that while the witness, Gus Lott, was on the stand, in behalf of the State, he was permitted to testify that on Sunday morning before the alleged assault with intent to kill was committed, that he had a conversation with Reece Post, in which Reece Post told him that Dave Choice and the said Post had entered into an agreement by which they, meaning Dave Choice, Reece Post and others, would go to the hog pen of Jim Williams and kill his hogs. Defendant objected to said testimony because it was hearsay, immaterial and irrelevant, and because same did not tend to show any conspiracy on the part of this defendant to commit an assault with intent to kill, and because it was improper to admit as testimony statements made by Reece Post to the witness Lott, in the absence of defendant, and because said statements were the statements of an accomplice or co-conspirator made to another person in the absence of defendant and not in the furtherance of the common design, and because it was not shown that this defendant knew of said purported conversation between Dave Choice and Reece Post, and because said testimony could not be offered to corroborate an accomplice. The court allows the bill with this qualification: "This testimony was admitted after the State had shown that Ed Choice, Dave Spencer and D. D. Choice and Reece Post were at the pen and acting together and the State's theory was, and the evidence of Reece Post showed, that there was a conspiracy entered into by the above together with Dave Choice to go to the pen and steal the hogs and kill anyone who interferred, and this testimony was a declaration of a co-conspirator before the consummation of the design and while the conspiracy was still in progress.

Bill of exceptions, No. 3, shows that the State was permitted to prove by Will Phillips substantially the same conversation the prosecuting witness had with Reece Post, and the judge approves the bill with the same qualification above quoted. This testimony was not admissible for the purpose that the learned judge suggests. An accomplice cannot be corroborated by proving statements made by him in the absence of the party against whom he is testifying, and hence the testimony was not admissible for the purpose for which it was introduced, but the testimony

is admissible for the purpose of showing that the witness, Post, is not an accomplice, but is merely a detective. When admitted for this purpose, the testimony should be limited in the charge of the court for the sole purpose for which it is admissible, and the jury should be expressly told that it could not be used to corroborate the accomplice, if they thought or decided that Reece Post was an accomplice and not a detective. See Clay v. State, 40 Texas Crim. Rep., 556; 51 S. W. Rep., 212; Dungan v. State, 39 Texas Crim. Rep., 115, and Cohea v. State, 11 Texas Crim. App., 153; and other authorities will be found in later decisions of this court.

Bill of exceptions, No. 5, complains that the court permitted Anna Choice to testify to criminative facts against appellant in this case when her husband was indicted for the same offense but by different indictment. The testimony of the wife was criminative evidence and we do not deem it necessary to copy same. Her husband did not testify in the case, and furthermore his case is not disposed of until this court finally acts upon it, hence it was error to permit the wife to testify. See Daffin v. State, 11 Texas Crim. App., 76, and Dungan v. State, 39 Texas Crim. Rep., 115, above cited.

Appellant's seventh ground of his motion for a new trial complains that the court erred in charging that the witness, Reece Post, was an accomplice, instead of submitting that question to the jury. We have frequently held it was proper where the facts are apparent to so charge a jury.

The evidence in this case presents two theories: One was that the witness, Post, was a detective, and the other, that he was an accomplice. The court should have charged on both theories. If he is a detective his testimony does not have to be corroborated; if he is an accomplice, it does.

Appellant further complains that the court erred in instructing the jury that they might convict the defendant in the event he shot at Jim Williams, or in the event he shot at a crowd in which Jim Williams was with intent to kill him, Jim Williams, or some one in the crowd. There being a specific allegation in the indictment that appellant shot at Jim Williams, it was error for the court to permit a conviction for shooting at some one else. If the indictment had charged that appellant shot at a crowd, naming them, which included Jim Williams, then the charge might have been appropriate, but where there is a specific allegation of intent to kill one man, appellant cannot be convicted of assault with intent to murder for killing another. See Brown v. State, 16 Texas Crim. App., 197, and Rutherford v. State, 13 Texas Crim. App., 92.

For the errors pointed out, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Henderson, Judge, absent.