## RAY CLICK v. THE STATE.

No. 14230. Delivered May 20, 1931.

The opinion states the case.

*A. G. Mueller,* of Llano, and *Walter Petsch,* of Kerrville, *Alfred Petsch,* of Fredericksburg, and *J. F. Taulbee,* of Georgetown, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Offense, murder; punishment, confinement in the penitentiary for life.

The killing took place on the 11th day of September, 1930, on a street in the residence section of Llano and was viewed by approximately half a dozen eye witnesses. The deceased was seen and heard begging for his life and was shot in the back as he ran from the appellant across the street.

The appellant admitted the shooting and killing of deceased, but claimed that the difficulty in which the deceased lost his life grew out of the conduct and treatment of the deceased towards the wife of appellant; that just recently before the shooting took place, he had first hand information of the deceased's misconduct towards his wife; that on the night preceding the killing, he saw the deceased in company with his wife under suspicious circumstances on the streets in the town of Llano; that thereafter on the same night his wife communicated to him concerning the misconduct of the deceased towards her and also threats deceased had made to take the life of the appellant; that the next morning after said communication had been made to him by his wife, he met the deceased accidentally; that when he first saw the deceased, deceased was sitting on a tractor, and that he jumped off of the tractor and that he did not know what deceased was going to do; that he killed the deceased because he had insulted his wife, abused her and tried to rape her, and had tried to break up his home and ruin his life and had made threats against him.

Bill of exception No. 6 complains that while the appellant was testifying on cross-examination, the district attorney asked the appellant the following question, which had not been alluded to in any part of the appellant's examination, to-wit: "Now then, Mr. Click, if that be true, tell the jury why it was that you made the statement, under due and proper warning, after your arrest, in the presence of J. B. Mayes, this Justice of the Peace, and in the presence of Dan McDonald, and in the presence of Mr. Bruhl, County Attorney, that you had intended to kill the deceased on Wednesday, but your heart failed you."

Appellant objected to the question, among other reasons, because it appeared from said question that at the time of the alleged confession, the appellant was under arrest, and that the alleged confession had not been reduced to writing and witnessed, as required by law. The bill further shows that in the presence of the jury, after said objection was made, the district attorney made a lengthy argument, contending among

other things that said confession did not have to be in writing; and that for impeachment purposes, when the defendant gets on the stand and says a certain thing, that the state can show that there had been contradictory statements made by the defendant and that under the law the state had the right to elicit the evidence for impeachment purposes. The bill further shows that the court called upon both sides to submit authorities; that the appellant submitted his authorities, and that thereupon the court stated in the presence of the jury that "We will now proceed to make the record," and directed the district attorney to ask the question again; that thereupon the same question was again asked the appellant in the presence of the jury and the court asked the appellant's counsel, "Now what is the defendant's objection to that question," and thereupon the appellant's counsel again objected to said question, whereupon the court stated that the objection would be sustained for the time being. Appellant's counsel thereupon moved the court to instruct the jury to the effect that the question was improper and that the state had no right to ask the same and that the jury must not consider said question or the argument of the district attorney in reference thereto, and that in reply to said motion, the court made the following statement to the jury, to-wit: "The Court will take it that the jury understands that they are to consider no testimony except that which goes before them and is permitted. Of course when this matter comes up, the record can be made and the question which is now under discussion is not in evidence, and unless it is in evidence, if it ever is, you will not be permitted to consider what has been said in your presence."

The bill further shows that the court at no time thereafter ever granted the motion of the appellant to instruct the jury to the effect that the question was improper and that the state had no right to ask the same and that the jury must not consider said question nor the argument of the district attorney in reference thereto.

This court has uniformly held that proof of a confession, or of statements or acts amounting to a confession, made while defendant is in custody or confinement and which would not be admissible as original evidence, is not admissible to impeach him. Branch's P. C., sec. 74; Morales v. State, 36 Texas Crim. Rep., 243, 36 S. W., 435; Bailey v. State, 40 Texas Crim. Rep., 150, 49 S. W., 102; Hill v. State, 72 Texas Crim. Rep., 109, 161 S. W., 118. Article 727, C. C. P., inhibits the use against one accused of crime of a confession made while under arrest, unless it comes within some of the exceptions embodied in the statute. In the case of Hext v. State, 104 Texas Crim. Rep., 46, 282 S. W., 242, on motion for rehearing, Presiding Judge Morrow, speaking for the court, used in part the following language: "The purpose and effect of the statute is to prevent the prosecution from using against the accused by the testimony of the officer having him under arrest of a verbal state-

ment made by the accused which the State seeks to use in proving the guilt of the accused." Citing numerous decisions of this court. See also Donohoe v. State, 27 S. W. (2d) 215; Lightfoot v. State, 35 S. W. (2) 163.

It is not in every case that this court would feel called upon to reverse a case solely because counsel for the state may have propounded an improper question, but will do so only where the question asked is manifestly hurtful and the effect of which would be to prejudice the jury against the person on trial, and in cases where the court necessarily must conclude from the record that the accused may have been injured and the record does not authorize the conclusion that he was not. In the case of Dailey v. State, 106 Texas Crim. Rep., 99, Judge Lattimore, speaking for the court, in part used the following language: "The State through her representatives has no right to ask questions manifestly hurtful and obtain answers the only possible effect of which could be to prejudice the jury against the person on trial."

The question asked necessarily put in the minds of the jury a statement which the state had no right under the law to go into. The matter was again brought before the jury through the argument of the district attorney and was for the third time brought to the minds of the jury by the district attorney again asking the question by direction of the trial court, thereby forcing the appellant to again object to said question. We believe the same was calculated to prejudice the appellant in the eyes of the jury, and the appellant's punishment having been fixed at imprisonment for life, we cannot say that he has not been injured thereby, and under the authorities we feel constrained to hold that such action calls for a reversal of this case.

Bill of exception No. 1 complains of the action of the trial court in failing to grant the appellant's application for habeas corpus filed in court some seven or eight days prior to the trial and called to the attention of the trial judge and of the district attorney and insistance made for a hearing thereon to the end that appellant might be admitted to bail pending his trial. Said bill also complains of the refusal of the court to postpone the hearing of said case until the application for habeas corpus could be heard.

We do not deem it necessary to discuss said bill of exception at length, but it may be stated as a general rule that while a writ of habeas corpus is a writ of right, it is not a writ of course, and the rule is that probable cause must first be shown to obtain the writ, whether it be granted at common law or under the statute. Where one entitled to a writ of habeas corpus makes proper application for it to the proper court having jurisdiction, said application conforming to all the statutory requirements and probable cause being shown, the writ of habeas corpus cannot be denied to the relator, for it then becomes a constitutional right.

Neither can it be denied where the granting of it is made an imperative duty by statute. It should be granted without unreasonable delay. See Streight v. State, 62 Texas Crim. Rep., 453, 138 S. W., 742; also Choice v. State, 52 Texas Crim. Rep., 285, 106 S. W., 387.

Bill of exception No. 2 complains of the action of the trial court in refusing appellant's application for a continuance. Bills Nos. 3, 3A, 3B and 3C and Bills Nos. 4, 4A, 4B and 4C and Bill No. 5, all complain of the action of the court in regard to the impaneling of the jurors. As these questions are not likely to occur on another trial of this case, we deem it unnecessary to discuss them.

Bills of exception Nos. 7 and 7A are as to certain statements elicited from appellant's wife on cross-examination. The court qualified said bills to the effect that the wife of the appellant was cross-examined by the state only as to such matters appertaining to her testimony given on direct examination, and as so qualified, they present no error.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.