

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00690-CR

**EX PARTE** Paulin **GONZALEZ DELGADILLO**

From the County Court, Kinney County, Texas
Trial Court No. 10855CR
Honorable Susan D. Reed, Judge Presiding

Opinion by:      Irene Rios, Justice

Sitting:          Luz Elena D. Chapa, Justice
                 Irene Rios, Justice
                 Liza A. Rodriguez, Justice

Delivered and Filed: July 24, 2024

DISMISSED FOR WANT OF JURISDICTION; PETITION FOR WRIT OF MANDAMUS
CONDITIONALLY GRANTED

Appellant, Paulin Gonzalez Delgadillo, appeals from the denial of his pretrial application

for writ of habeas corpus. We dismiss the appeal for want of jurisdiction, treat the appeal as a

petition for writ of mandamus at Gonzalez Delgadillo's request, and conditionally grant his

mandamus petition.

### BACKGROUND

Gonzalez Delgadillo, a noncitizen, was arrested under Operation Lone Star and charged

with the misdemeanor offense of criminal trespass. On January 10, 2023, Gonzalez Delgadillo

filed an application for writ of habeas corpus seeking dismissal of the criminal trespass charge

because, he alleged, the State engaged in selective prosecution, in violation of his right to equal

protection, when it decided to charge him. On June 23, 2023, the trial court issued an order stating,

"the Application is denied without hearing and the writ is not issued." Gonzalez Delgadillo timely filed a notice of appeal.

On April 5, 2024, we issued an order notifying Gonzalez Delgadillo that it appears we lack jurisdiction over this appeal and that we would dismiss this appeal unless he filed a response to our order showing that we have jurisdiction.

Gonzalez Delgadillo failed to respond to our order. In both his brief and his "Appellant's Emergency Motion for Temporary Stay of Trial Court Proceedings," however, Gonzalez Delgadillo requested that, if we determine the trial court's order is not appealable, we treat his appeal as a petition for writ of mandamus.

## JURISDICTION

There is no right to an appeal when a trial court refuses to issue a habeas writ or dismisses or denies a habeas application without ruling on the merits of the applicant's claims. *See Ex parte Villanueva*, 252 S.W.3d 391, 394 (Tex. Crim. App. 2008); *Ex parte Molina Valencia*, — S.W.3d —, No. 04-23-01044-CR, 2024 WL 1642923, at *1 (Tex. App.—San Antonio April 17, 2024, no pet. h.) (en banc). "Thus, where the record does not show that the trial court ruled on the merits of the application for writ of habeas corpus, we lack jurisdiction over the appeal." *Molina Valencia*, 2024 WL 1642923, at *1 (quoting *Ex parte Blunston*, No. 04-12-00657-CV, 2013 WL 3874471, at *1 (Tex. App.—San Antonio July 24, 2013, no pet.) (mem. op., not designated for publication); citing *Ex parte Bowers*, 36 S.W.3d 926, 927 (Tex. App.—Dallas 2001, pet. ref'd); *Ex parte Miller*, 931 S.W.2d 724, 725 (Tex. App.—Austin 1996, no pet.)).

Here, the trial court did not issue a writ, and the trial court's order simply states that "the Application is denied without hearing and the writ is not issued"—language we have previously held does not suggest a ruling on the merits. *E.g.*, *In re Saravia-Bonilla*, No. 04-23-00637-CR, 2023 WL 6850595, at *2 (Tex. App.—San Antonio Oct. 18, 2023, no pet.) (mem. op., not

designated for publication); *see Molina Valencia*, 2024 WL 1642923, at *2 (citing *In re Martinez-Jimenez*, No. 04-23-00547-CR, 2023 WL 7005866, at *2 (Tex. App.—San Antonio Oct. 25, 2023, orig. proceeding) (mem. op., not designated for publication); *In re Lara Belmontes*, 675 S.W.3d 113, 115 (Tex. App.—San Antonio 2023, orig. proceeding)). Further, no reporter's record has been filed, and nothing in the record shows that the trial court held any hearings related to Gonzalez Delgadillo's habeas application or the merits thereof or otherwise considered any evidence related to the application.

Consequently, nothing in our review of the entire record reflects that the trial court considered or expressed an opinion on the merits of Gonzalez Delgadillo's habeas claims.[1] *See Molina Valencia*, 2024 WL 1642923, at *2; *Ex parte Garcia*, 683 S.W.3d 467, 473 (Tex. App.—San Antonio 2023, no pet.) (en banc). We therefore conclude that the trial court did not rule on the merits of Gonzalez Delgadillo's habeas application, and we lack jurisdiction to review his appeal. *See Villanueva*, 252 S.W.3d at 394; *Molina Valencia*, 2024 WL 1642923, at *2; *Garcia*, 683 S.W.3d at 473.

### REQUEST TO TREAT HABEAS APPEAL AS A MANDAMUS PETITION

We may, in certain circumstances, treat an appeal as a petition for writ of mandamus, if specifically requested to do so by the appellant. *See Molina Valencia*, 2024 WL 1642923, at *2. As stated above, Gonzalez Delgadillo specifically requests that we construe his appeal as a

---

[1] Gonzalez Delgadillo argues in his appellate brief that we "should infer," based on how the trial judge ruled in other cases, that the trial judge's "intent was to deny his application . . . on the merits." We, however, "may not consider factual assertions that are outside the record." *Whitehead v. State*, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004); *see Janecka v. State*, 937 S.W.2d 456, 476 (Tex. Crim. App. 1996) ("It is a long standing principle that we cannot review contentions which depend upon factual assertions outside of the record."). Nor may we consider evidence from the record of another case, unless we take judicial notice of our own records from "the same or related proceedings involving same or nearly same parties." *Turner v. State*, 733 S.W.2d 218, 223 (Tex. Crim. App. 1987). Therefore, we may not consider the records from other cases in determining whether the trial court ruled on the merits of Gonzalez Delgadillo's habeas application in this case.

mandamus petition if we determine the trial court's order is not appealable. We will therefore treat Gonzalez Delgadillo's appeal as a petition for writ of mandamus.

To be entitled to mandamus relief, the relator must establish (1) "that he has no adequate remedy at law to redress his alleged harm," and (2) "that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision." *State ex rel. Young v. Sixth Jud. Dist. Ct. of App. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

> To satisfy the ministerial-act requirement, the relief sought must be clear and indisputable such that its merits are beyond dispute and there is nothing left to the exercise of discretion or judgment. A clear right to relief is shown when the facts and circumstances dictate but one decision "under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles."

*In re City of Lubbock*, 666 S.W.3d 546, 553 (Tex. Crim. App. 2023) (quoting *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011)).

In the context of a pretrial habeas application, a trial court has a duty to issue a writ and rule on the merits of a pretrial habeas application that has been properly filed with the court, unless it is "manifest from the application itself … that the applicant is not entitled to any relief." TEX. CODE CRIM. PROC. ANN. art. 11.15; *see* TEX. CODE CRIM. PROC. ANN. art. 11.05 (imposing duty on certain courts, when a proper application for a habeas writ has been filed, "to issue the writ under the rules prescribed by law"); *Click v. State*, 39 S.W.2d 39, 41 (Tex. Crim. App. 1931) ("Where one entitled to a writ of habeas corpus makes proper application for it to the proper court having jurisdiction, said application conforming to all the statutory requirements and probable cause being shown, the writ of habeas corpus cannot be denied to the relator, for it then becomes a constitutional right. Neither can it be denied where the granting of it is made an imperative duty by statute."). If a claim is not cognizable in a pretrial habeas application, however, the claim is not a "proper ground[] for habeas corpus relief." *Ex parte McCullough*, 966 S.W.2d 529, 531 (Tex.

Crim. App. 1998); *see Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010) ("[W]hether a claim is even cognizable on pretrial habeas is a threshold issue that should be addressed before the merits of the claim may be resolved."). Thus, if a pretrial habeas application asserts only claims that are not cognizable, it is "manifest from the application itself … that the applicant is not entitled to any relief," and the trial court has discretion to refuse to issue a writ. TEX. CODE CRIM. PROC. ANN. art. 11.15; *see Ellis*, 309 S.W.3d at 79; *McCullough*, 966 S.W.2d at 531; *Ex parte Gutierrez*, 989 S.W.2d 55, 56 (Tex. App.—San Antonio 1998, no pet.) ("If we conclude the grounds on appeal are not cognizable, then we must affirm the trial court's denial of habeas corpus relief.").

Here, Gonzalez Delgadillo filed a pretrial habeas application that substantially conformed to the statutory requirements in a court with jurisdiction, asserting that the State engaged in selective prosecution in violation of his equal protection rights.[2] *See* TEX. CODE CRIM. PROC. ANN.

---

[2] Under Texas Code of Criminal Procedure article 11.14, which establishes the requirements for a habeas application, a habeas application must include a copy of any writ, order, or process by which the applicant is restrained and must be verified by oath. TEX. CODE CRIM. PROC. ANN. art. 11.14(a)(2), (a)(5). Gonzalez Delgadillo asserted in his habeas application that he "is in pretrial custody, and thus the State restrains his liberty," but he failed to attach a copy of the "writ, order or process" by virtue of which he was confined or restrained to his application. Similarly, Gonzalez Delgadillo's counsel provided a "Verification" stating, "I swear that the allegations in this Application are true to the best of my knowledge," but the "Verification" contains no jurat or other evidence indicating it was sworn before a person authorized to administer an oath and no statement that counsel made the statement "under penalty of perjury." Thus, the application contains neither a copy of the "writ, order or process" by virtue of which Gonzalez Delgadillo was confined or restrained nor an oath made by Gonzalez Delgadillo or the petitioner—Gonzalez Delgadillo's counsel—stating that the allegations in the application are true. *See id.*; *Wheeler v. State*, 616 S.W.3d 858, 864 (Tex. Crim. App. 2021) ("Texas law has always required that the oath must be made 'before' or in the presence of another to convey the solemnity and critical nature of being truthful."); *Bahm v. State*, 219 S.W.3d 391, 394 (Tex. Crim. App. 2007) (stating that phrase "under penalty of perjury" is vital for an unsworn declaration). Nevertheless, the requirements of article 11.14 are pleading requirements and are not jurisdictional. *See Ex parte Golden*, 991 S.W.2d 859, 861–62 (Tex. Crim. App. 1999). Therefore, because the record before this court contains a copy of Gonzalez Delgadillo's bond and because Gonzalez Delgadillo attached two properly sworn documents—an unsworn declaration and an affidavit—to his application that contained factual averments establishing the prima facie elements of the selective-prosecution claim asserted in Gonzalez Delgadillo's habeas application, we conclude, under the unique circumstances of this case, that Gonzalez Delgadillo's application substantially conforms to the statutory requirements, such that the trial court did not have discretion to deny the application based on any statutory deficiencies. *See* TEX. CODE CRIM. PROC. ANN. art. 11.04 ("Every provision relating to the writ of habeas corpus *shall* be most favorably construed in order to give effect to the remedy, and protect the rights of the person seeking relief under it." (emphasis added)); *Ex parte Crawford*, 506 S.W.2d 920, 921 (Tex. App.—Tyler 1974, orig. proceeding) (stating that proof of restraint could be supplied by documentary evidence in record); *Ex parte Owens*, 206 S.W.3d 670, 679 (Tex. Crim. App. 2006) (Keller, P.J., dissenting) (stating "relief should be denied *where the record does not otherwise substantiate* the unsworn allegation" (emphasis added)); *Ex parte Baldez*, 510 S.W.3d 492, 496–97 (Tex. App.—San Antonio 2014, no pet.); *Ex parte Zavala*, 421 S.W.3d 227, 230 (Tex. App.—San Antonio 2013, pet. ref'd);

arts. 11.04, 11.05, 11.06(b), 11.09, 11.14; Tᴇx. Gᴏᴠ'ᴛ Cᴏᴅᴇ Aɴɴ. § 26.047(a). The trial court, however, denied the habeas application without considering the merits. As a result, Gonzalez Delgadillo seeks an order compelling the trial court to issue a writ and hold a hearing on the merits of his habeas application. Gonzalez Delgadillo must therefore establish that the trial court had a ministerial duty to issue a writ and hold a hearing on his habeas application and that he has no adequate remedy at law for the trial court's failure to consider the merits of his application.

First, the trial court had a duty to grant the application and issue a habeas writ unless (1) it was manifest from his application that Gonzalez Delgadillo was entitled to no relief on his selective-prosecution claim—because Gonzalez Delgadillo failed to allege sufficient facts in his application that would, if true, establish a prima facie case of selective prosecution or because the application showed that the State's allegedly discriminatory action was either substantially related to an important governmental interest or narrowly tailored to serve a compelling governmental interest and was therefore justified—or (2) his claim was not cognizable in a pretrial habeas proceeding. *See* Tᴇx. Cᴏᴅᴇ Cʀɪᴍ. Pʀᴏᴄ. Aɴɴ. arts. 11.05, 11.15; *Ex parte Aparicio*, 672 S.W.3d 696, 708, 715–16 (Tex. App.—San Antonio 2023, pet. granted); *Click*, 39 S.W.2d at 41; *Ellis*, 309 S.W.3d at 79; *McCullough*, 966 S.W.2d at 531.

In his application, Gonzalez Delgadillo alleged that women were neither charged with nor prosecuted for criminal trespass, though men, including Gonzalez Delgadillo, were charged and prosecuted, and that the State chose who to charge with and prosecute for criminal trespass based on their sex. Gonzalez Delgadillo's application therefore presented allegations which, if shown to

---

*see also Ex parte Robinson*, 641 S.W.2d 552, 553 (Tex. Crim. App. 1982) ("A person who is subject to the conditions of a bond is restrained in his liberty within the meaning of Article 11.01.").

Further, the State has not taken the position that Gonzalez Delgadillo's habeas application was deficient and the position "is not, consequently, before the Court at this time." *Alvarez v. Eighth Ct. of Appeals of Tex.*, 977 S.W.2d 590, 594 n.2 (Tex. Crim. App. 1998).

be true, would establish a prima facie case of selective prosecution. *See Aparicio*, 672 S.W.3d at 708. Further, nothing in Gonzalez Delgadillo's application shows that the State's allegedly discriminatory conduct was either substantially related to an important governmental interest or narrowly tailored to serve a compelling governmental interest. *See id*. at 715–16. Gonzalez Delgadillo's application therefore does not demonstrate that the State's allegedly discriminatory treatment of Gonzalez Delgadillo was justified. *See id*. Thus, it is not manifest from Gonzalez Delgadillo's application that he is not entitled to any relief on the merits of his claim. *See* TEX. CODE CRIM. PROC. ANN. art. 11.15.

Moreover, on June 21, 2023—after Gonzalez Delgadillo filed his habeas application but before the trial court declined to consider the application's merits—we held, in *Ex parte Aparicio*, 672 S.W.3d 696 (Tex. App.—San Antonio 2023, pet. granted), that a selective-prosecution claim is cognizable in a pretrial habeas proceeding. *Id*. at 709–13. Under the doctrine of vertical *stare decisis*, our opinion is binding on the trial court in this case.[3] *See State ex rel. Healey v. McMeans*, 884 S.W.2d 772, 774 (Tex. Crim. App. 1994) (holding that trial judges cannot ignore "clear, binding precedent from a court of superior jurisdiction"); *Mitschke v. Borromeo*, 645 S.W.3d 251, 256 (Tex. 2022) (discussing "vertical *stare decisis*" and stating, "One aspect of *stare decisis*—that lower courts must follow the precedents of all higher courts—is commonplace and uncontroversial"); *Perez v. State*, 495 S.W.3d 374, 392 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (citing *McMeans*, 884 S.W.2d at 774; *Mason v. State*, 416 S.W.3d 720, 728 n.10 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd)) ("Under the principle of vertical stare decisis, no

---

[3] In its brief filed in response to Gonzalez Delgadillo's brief/mandamus petition, the State argues that our decision in *Aparicio* was erroneous. The State's contention that our precedent was wrongly decided does not, however, have any impact on the precedential authority of our decision. *See, e.g.*, *Grimes Cnty. Bail Bond Bd. v. Ellen*, 267 S.W.3d 310, 315 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) ("Our prior opinions have continuing authority, even when a party contends that a precedent was incorrectly decided.").

district court has a right to decide cases contrary to an opinion of the appellate court for its jurisdiction on the same question."); *Phelps v. State*, 532 S.W.3d 437, 443 n.6 (Tex. App.—Texarkana 2017, pet. ref'd) ("Under vertical stare decisis, lower courts have practically no discretion to revisit a case issued by a higher court regardless of whether it involves a constitutional, common-law, or statutory question."). The trial court therefore had no discretion to determine that Gonzalez Delgadillo's claim was not cognizable in a pretrial habeas writ and refuse to issue a writ on that basis.

Thus, because Gonzalez Delgadillo asserted a cognizable claim in his pretrial habeas application and the allegations in the application did not show that Gonzalez Delgadillo was manifestly entitled to no relief, the trial court had a ministerial duty to issue a writ and consider the merits of Gonzalez Delgadillo's habeas application.

Second, Gonzalez Delgadillo does not have an adequate remedy by way of appeal because, as we stated in *Ex parte Aparicio*, Gonzalez Delgadillo's "constitutional right to equal protection would be effectively undermined if not vindicated before trial." *Aparicio*, 672 S.W.3d at 711 (citing *Ex parte Weise*, 55 S.W.3d 617, 619–20 (Tex. Crim. App. 2001)). Further, the trial court has set the case for trial.[4] As a result, we find that, in light of the fact that the trial court scheduled the case for trial "and the difficulties inherent in locating another . . . judge to rule on the merits of his habeas application and to then obtain appellate review in the event of a denial of the application," the possible remedy of presenting the habeas application to another judge was not an adequate remedy in this case. *In re Davis*, 990 S.W.2d 455, 457 (Tex. App.—Waco 1999, orig.

---

[4] On August 23, 2023, Gonzalez Delgadillo filed an "Appellant's Emergency Motion for Temporary Stay of Trial Court Proceedings." In that motion, Gonzalez Delgadillo showed that the underlying case was set for trial on September 11, 2023, and requested that, if we determined we lack jurisdiction over his appeal, we treat his appeal as a petition for writ of mandamus. On August 31, 2023, we granted the motion and ordered the underlying proceedings stayed.

proceeding); *see In re Martinez*, No. 04-15-00348-CR, 2015 WL 5032643, at *3 (Tex. App.—San Antonio Aug. 26, 2015, orig. proceeding) (citing *In re Altschul*, 236 S.W.3d 453, 456 (Tex. App.—Waco 2007, orig. proceeding); *Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991), *superseded in part by statute as discussed in Ex parte Villanueva*, 252 S.W.3d 391, 397 (Tex. Crim. App. 2008)). We therefore conclude that Gonzalez Delgadillo does not have an adequate remedy at law.

Having determined that the trial court had a ministerial duty to issue a writ and consider the merits of Gonzalez Delgadillo's habeas application and that Gonzalez Delgadillo did not have an adequate remedy at law, we conclude that Gonzalez Delgadillo is entitled to mandamus relief. We therefore conditionally grant his petition for writ of mandamus.

### CONCLUSION

Because the trial court's denial of Gonzalez Delgadillo's habeas application was not based on the merits, we lack jurisdiction to review his habeas appeal. We therefore dismiss his appeal for want of jurisdiction and, at Gonzalez Delgadillo's request, treat his appeal as a petition for writ of mandamus.

Finally, we determine that (1) Gonzalez Delgadillo had no adequate remedy at law to address the trial court's refusal to issue a writ and consider the merits of his habeas application, and (2) the trial court had a ministerial duty to issue a writ and consider the merits of Gonzalez Delgadillo's application. We therefore conditionally grant Gonzalez Delgadillo's petition for writ of mandamus. We direct the trial court to issue a writ of habeas corpus within 14 days of the date of our opinion and order, to hold a hearing on the writ, and to rule on the merits of the claim presented in Gonzalez Delgadillo's habeas application in a timely manner and before requiring Gonzalez Delgadillo to appear for an in-person hearing or for trial in the underlying criminal case.

We are confident the trial court will do as directed. The mandamus writ will issue only if we are advised the trial court has failed to do so. Whether relief should be granted on the merits of the claim presented in Gonzalez Delgadillo's habeas application is within the trial court's discretion after considering the parties' evidence and arguments.

Any pending motions are dismissed as moot.

Irene Rios, Justice

DO NOT PUBLISH