## In re VAN WATERS & ROGERS INC., et al., Relators.

No. 98–0222.

Supreme Court of Texas.

Oct. 15, 1998.

Joseph A. Garnett, Lansford O. Ireson, Houston, Kay Andrews, Austin, Robert G. Newman, Lisa Ann Shub, San Antonio, Arthur R. Almquist, James L. Moore, Ben L. Reynolds, Chester J. Makowski, Houston, M.W. Meredith, Jr., Corpus Christi, Andrew Schirrmeister, III, Robert Scott, Valerie Ruth Vance, Houston, Renee Forinash McElhaney, San Antonio, Michael M. Gibson, Martin P. Detloff, Houston, Jeffrey D. Roerig,

Brownsville, William A. Abernethy, Corpus Christi, Karen Patterson Freeman, Joyce B. Margrace, Houston, Cindy A. Lopez Garcia, Luis Manuel Julia, Edinburg, Robert E. Morse, III, Kelly Dick Brown, Houston, W. Wendell Hall, San Antonio, Vic Fields, Austin, for Relators.

James Rausch, McAllen, Francisco J. Rodriguez, David Neal Calvillo, Hector E. Garcia, McAllen, Keith C. Livesay, Pharr, Eduardo R. Rodriguez, Brownsville, Karen K. Maston, Houston, for Respondent.

PER CURIAM.

In this mandamus proceeding, we are asked to review several issues relating to a November 20, 1997 trial court Order on Motion to Select Parties for Trial. These issues include an order abating all discovery except as to the twenty plaintiffs selected to proceed first to trial; an order allowing plaintiffs' counsel to select the first group of trial plaintiffs; and the denial of relators' motion to compel plaintiffs to further answer an interrogatory regarding causation of plaintiffs' injuries.

We believe that the trial court should have the opportunity to reconsider the abatement order in light of our recent opinion in *In re Colonial Pipeline Co.*, 968 S.W.2d 938 (Tex. 1998). If the trial court determines that discovery related to other plaintiffs should not be abated, then the trial court should also reconsider its denial of relators' motion to compel interrogatory answers regarding causation.

Therefore, we deny the petition for writ of mandamus without prejudice to relators again requesting relief from the court of appeals and this Court after the trial court has had an opportunity to reconsider its rulings.

JUSTICE HANKINSON, did not participate in the decision.