# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00512-CV

**Karen Haffelfinger, Appellant**

**v.**

**Blake Adams, Appellee**

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
NO. D-1-FM-06-000320, HONORABLE RHONDA HURLEY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This proceeding arises from persistent and acrimonious disputes between Karen Haffelfinger and Blake Adams, whose relationship, it would appear from the record, has consisted principally of conceiving a daughter born in 2006 and thereafter litigating (through a succession of different attorneys representing each party) their respective rights and duties with regard to child support and visitation. The immediate backdrop for this latest round of litigation was a 2009 order that held Adams in contempt for failing to pay his monthly child-support obligations timely and imposed sanctions that included 180 days' jail time, but suspended the sentence and placed Adams on community supervision conditioned on, inter alia, compliance with his child-support obligations going forward. Thereafter, Haffelfinger, alleging continued noncompliance by Adams, filed a succession of motions to revoke the suspension of Adams's confinement. Although Haffelfinger's efforts yielded her some additional attorney's fees, they ultimately backfired to the

extent the district court was persuaded that section 157.162(d) of the Family Code, then still in effect, had barred it from holding Adams in contempt in the first place because he had paid the outstanding child-support obligation made the basis for contempt by the time of the contempt hearing.[1] Consequently, the district court denied Haffelfinger's most recent motion to revoke and instead vacated the portions of its 2009 order holding Adams in contempt and all of the sanctions and conditions it had imposed on that basis.

Haffelfinger has now filed a notice of appeal from the portion of the district court's order that denies her motion to revoke and vacates the contempt findings and sanctions. We lack subject-matter jurisdiction to consider, on direct appeal, what is in substance an order refusing to hold a party in contempt. *See In re Office of Attorney Gen.*, 215 S.W.3d 913, 915 (Tex. App.—Fort Worth 2007, orig. proceeding) (citing *Norman v. Norman*, 692 S.W.2d 655, 655 (Tex. 1985) (per curiam) (holding that "an order finding a party not in contempt is not a final, appealable judgment")). Nonetheless, we will construe Haffelfinger's briefing as an attempt to invoke our original jurisdiction by way of a writ of mandamus. *See CMH Homes v. Perez*, 340 S.W.3d 444, 452–54 (Tex. 2011); *see also Tracy v. Tracy*, 219 S.W.3d 527, 530 (Tex. App.—Dallas 2007,

---

[1] Section 157.162(d), which the Texas Legislature repealed during its most recent regular session, prohibited courts from holding a parent in contempt for failure to pay child support "if the respondent appears at the hearing with a copy of the payment record or other evidence satisfactory to the court showing that the respondent is current in the payment of child support as ordered by the court." *See* Act of May 23, 2007, 80th Leg., R.S., ch. 1189, § 1, 2007 Tex. Gen. Laws 4054, *repealed by* Act of May 22, 2013, 83d Leg., R.S., ch. 649, § 2, 2013 Tex. Gen. Laws 1735 (effective June 14, 2013). When repealing section 157.162(d), the Legislature continued the prior law in effect as to any "hearing" that "commences" before the act's effective date, June 14, 2013. *See* Act of May 22, 2013, 83d Leg., R.S., ch. 649, § 3, 2013 Tex. Gen. Laws 1735. There is no dispute that the underlying proceedings commenced prior to June 14, 2013. Consequently, section 157.162(d) would apply here.

no pet.) (noting that court lacked jurisdiction over attack on contempt order on direct appeal, but treating appeal as a mandamus petition).

Although Hafffelfinger advances waiver, estoppel, and "collateral attack" arguments that we conclude are without merit, she does alert us to *In re Office of the Attorney General*, in which the Texas Supreme Court recently construed former section 157.162(d) of the Family Code as purging contempt only where the respondent is current in payment of *all* child-support obligations by the time of the contempt hearing, not merely those obligations that may be the basis for contempt. ___ S.W.3d ___, No. 11-0255, 56 Tex. Sup. Ct. J. 360, 2013 WL 854785, at *3–5 (Tex. Mar. 8, 2013) (orig. proceeding). The district court did not have the benefit of *In re Office of the Attorney General* at the time it signed the order at issue, and it used language that is potentially inconsistent with the supreme court's reasoning. In particular, the district court concludes that Adams was current in the payment of his monthly child support obligations as of the date of the contempt hearing, which the court held sufficient to purge contempt under former section 157.162(d), yet it also seems to hold that Adams was in arrears for other forms of compensation that it termed "child support." But the district court's reasoning is not entirely clear, and, of course, neither it nor the parties had occasion to address specifically the implications of *In re Office of the Attorney General*. Nor is it clear that the district court's ultimate decision not to impose contempt on Adams would be an abuse of discretion in any event, given the broad discretion that trial judges possess in this regard. *See, e.g.*, *In re Reece*, 341 S.W.3d 360, 362 (Tex. 2011) (orig. proceeding).

Under the circumstances here—and despite our reluctance to encourage further litigation between these parties—we believe that the district court and the parties

should have the opportunity to revisit, in light of *In re Office of the Attorney General*, whether Adams can be held in contempt based on his conduct preceding the 2009 order, and, if so, whether he should be. Accordingly, we deny Haffelfinger's petition for writ of mandamus without prejudice. *See In re Van Waters & Rogers, Inc.*, 988 S.W.2d 740, 741 (Tex. 1998) (orig. proceeding); *In re Ford Motor Co.*, No. 03-08-00617-CV, slip op. at 4–5 (Tex. App.—Austin Mar. 6, 2009, orig. proceeding) (mem. op.), available at http://www.search.txcourts.gov/SearchMedia.aspx?MediaVersionID=c2ad5f30-9a14-4b81-8b1c-7375b6532070&coa=coa03&DT=Opinion&MediaID=4713e0ec-d256-49ff-b657-d58c934ee53a.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Field

Filed:   November 21, 2013

4