

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00296-CR

**IN RE** Adan Michel **REYES ALVARADO**

Original Proceeding[1]

PER CURIAM

Sitting:     Patricia O. Alvarez, Justice
             Luz Elena D. Chapa, Justice
             Lori I. Valenzuela, Justice

Delivered and Filed: August 23, 2023

PETITION FOR WRIT OF MANDAMUS DISMISSED IN PART AND DENIED WITHOUT PREJUDICE IN PART

Relator is a noncitizen who was arrested under Operation Lone Star, processed, and released on bond. After his bonded release, relator was removed from the country. Following his removal, relator filed an application for writ of habeas corpus. He sought the issuance of a habeas writ, an evidentiary hearing, and dismissal of his underlying charges because, he alleges, the charges violate equal protection principles. The trial court denied relator's habeas application, without issuing a writ or holding a hearing. Relator filed this mandamus proceeding arguing the trial court erred by denying his application for writ of habeas corpus without issuing the habeas writ or holding a hearing.[2]

---

[1] This proceeding arises out of Cause No. 31312, styled *State of Texas v. Adan Michel Reyes Alvarado*, pending in the County Court, Maverick County, Texas, the Honorable Susan D. Reed presiding.

[2] Relator also filed a motion to stay the underlying proceeding pending our final resolution of his mandamus petition, which we granted in part by staying all pretrial settings requiring relator's in-person appearance.

For mandamus relief to be available in a criminal case, a relator "must show that he has no adequate remedy at law to redress his alleged harm" and "that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision." *State ex rel. Young v. Sixth Jud. Dist. Ct. App. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding); *see also In re City of Lubbock*, 666 S.W.3d 546, 554 (Tex. Crim. App. 2023) (orig. proceeding) ("Mandamus relief is available for a novel issue or one of first impression with uncontested facts when the law points to but one clear result.").

## MOOTNESS

We first address whether this proceeding is moot. The State argues that because the trial court issued a ruling on relator's habeas application, his mandamus petition is moot. *See In re Bonilla*, 424 S.W.3d 528, 534 (Tex. Crim. App. 2014) (orig. proceeding) (holding mandamus petition was moot where relator received relief sought).

The trial court's order is comprised of several options to choose from depending on the trial court's ruling and whether the ruling is one on the merits. Here, the trial court chose the following:

The Court having considered [the Application] is of the opinion same should be:

  _X_ the Application is denied without issuing the writ.

The trial court did not select the following options:

  ___ the Application is granted, an order issuing the writ and hearing to be held _____.

  ___ the Application is granted with an order issuing the writ, and the merits will be heard by submission of evidence under the following schedule. . . .

We hold this mandamus proceeding is not moot as to relator's request for an evidentiary hearing on his habeas application or on his request for the issuance of a habeas writ. The trial court's order specifically states the trial court based its ruling on relator's application. It is apparent

from the trial court's order that relator did not receive the issuance of a writ or the evidentiary hearing he sought. Instead, the order shows the trial court affirmatively rejected the issuance of a writ, holding an evidentiary hearing, or the submission of written evidence by refusing selections corresponding with these actions. Additionally, the mandamus record does not show that the trial court issued a writ or held an evidentiary hearing, and the State does not assert otherwise.

The trial court's order and record also do not suggest that the trial court ruled on the merits of relator's equal protection claim. If the trial court ruled on the merits of relator's habeas application, then the proper remedy is to appeal the order denying relator's habeas application—not to seek mandamus review. *See Ex parte Villanueva*, 252 S.W.3d 391, 395 (Tex. Crim. App. 2008) ("[A]n appeal may be prosecuted when a judge issues a ruling on the merits."); *Ex parte Sifuentes*, 639 S.W.3d 842, 846 (Tex. App.—San Antonio 2022, pet. ref'd) (citation omitted) ("If the record shows that the trial court heard evidence and addressed the merits, the result is appealable."). Here, there is no indication the trial court ruled on the merits of relator's equal protection claim. Instead, the trial court's order indicates that relator's habeas application was denied without the development or consideration of an evidentiary record. Because the trial court did not issue a writ or rule on the merits of relator's habeas application, relator did not receive the relief he sought from the trial court, and there remains a live controversy. *Cf. Winkler v. State*, 252 S.W.2d 944 (Tex. Crim. App. 1952) (holding case moot where there ceased to be live controversy).

## HABEAS CLAIM

Next, relator contends mandamus is proper to direct the trial court to issue a writ and to rule on the merits of his equal protection claim. *See* TEX. CODE CRIM. PROC. ANN. art. 11.15 (upon receiving an application for writ of habeas corpus, a trial court shall issue the writ "unless it be manifest from the petition itself, or some documents annexed to it, that the party is entitled to no relief whatever."). If relator's underlying habeas claim is cognizable, he may be entitled to relief.

*See id.*; *Click v. State*, 39 S.W.2d 39, 41 (Tex. Crim. App. 1931) ("Where one entitled to a writ of habeas corpus makes proper application for it to the proper court having jurisdiction, said application conforming to all the statutory requirements and probable cause being shown, the writ of habeas corpus cannot be denied to the relator, for it then becomes a constitutional right.").

On June 21, 2023, we issued an opinion holding that a selective-prosecution equal protection claim is cognizable in a pre-trial application for writ of habeas corpus. *See Ex parte Aparicio*, No. 04-22-00632-CR, 2023 WL 4095939, at *11 (Tex. App.—San Antonio June 21, 2023, pet. filed) (en banc). Relator asserts a similar claim here. In light of our recent decision, we believe the trial court should have an opportunity to reconsider its decision—not to issue the habeas writ or hold an evidentiary hearing—on relator's habeas application. *See id.*; *see also Ex parte Lizcano*, No. WR-68,348-03, 2018 WL 2717035, at *1 (Tex. Crim. App. June 6, 2018) (per curiam) (not designated for publication) (remanding case to trial court, in light of new authority, "to allow it the opportunity to develop evidence, make new or additional findings of fact and conclusions of law, and make a new recommendation" to the Court of Criminal Appeals); *accord In re Van Waters & Rogers Inc.*, 988 S.W.2d 740, 741 (Tex. 1998) (orig. proceeding) (per curiam) (denying mandamus relief in order to allow trial court to reconsider decision in light of new precedent); *In re Cent. Or. Truck Co., Inc.*, 644 S.W.3d 668, 671 (Tex. 2022) (orig. proceeding) (per curiam). Therefore, we deny the petition for writ of mandamus without prejudice to relator's seeking relief, if necessary, after the trial court has had an opportunity to reconsider its ruling.

Finally, relator filed a motion to urge the trial court to conduct a hearing on his application for writ of habeas corpus prior to his in-person setting on April 4, 2023, or in the alternative, to continue his in-person setting. Because we stayed the in-person requirement, Relator's complaint

about his required in-person attendance at the April 4, 2023 pretrial hearing is moot. *Bonilla*, 424 S.W.3d at 534.

PER CURIAM

DO NOT PUBLISH