

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00304-CR

**EX PARTE** Luis Antonio **BAUTISTA ESTRADA**

Original Proceeding[1]

PER CURIAM

Sitting:    Luz Elena D. Chapa, Justice
            Beth Watkins, Justice
            Lori I. Valenzuela, Justice

Delivered and Filed: August 23, 2023

PETITION FOR WRIT OF MANDAMUS DISMISSED IN PART AND DENIED WITHOUT PREJUDICE IN PART

Relator is a noncitizen who was arrested under Operation Lone Star, processed, and released on bond. After his bonded release, relator was removed from the country. Following his removal, relator filed an application for writ of habeas corpus. He sought the issuance of a writ, an evidentiary hearing, and dismissal of his underlying charges because, he alleges, the charges violate equal protection principles. The trial court denied relator's habeas application without issuing a writ or holding a hearing. Relator filed this mandamus proceeding arguing the trial court erred by denying his application for writ of habeas corpus without issuing the habeas writ or holding a hearing.

---

[1] This proceeding arises out of Cause No. 31576, styled *State of Texas v. Luis Antonio Bautista Estrada*, pending in the County Court, Maverick County, Texas, the Honorable Susan D. Reed presiding.

For mandamus relief to be available in a criminal case, a relator "must show that he has no adequate remedy at law to redress his alleged harm" and "that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision." *See State ex rel. Young v. Sixth Jud. Dist. Ct. App. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding); *see also In re City of Lubbock*, 666 S.W.3d 546, 554 (Tex. Crim. App. 2023) (orig. proceeding) ("Mandamus relief is available for a novel issue or one of first impression with uncontested facts when the law points to but one clear result.").

## MOOTNESS

We first address whether this proceeding is moot. The State argues that because the trial court issued a ruling on relator's habeas application, his mandamus petition is moot. *See In re Bonilla*, 424 S.W.3d 528, 534 (Tex. Crim. App. 2014) (orig. proceeding) (holding mandamus petition was moot where relator received relief sought).

The trial court's order is a form containing blanks with several options to choose from depending on the trial court's ruling and whether the ruling is one on the merits. Here, the trial court selected the following option:

The Court having considered [the Application] is of the opinion same should be:

  X   the Application is denied without issuing the writ.

The trial court did not select the following options:

     the Application is granted, an order issuing the writ and hearing to be held        .

     the Application is granted with an order issuing the writ, and the merits will be heard by submission of evidence under the following schedule. . . .

We hold this mandamus proceeding is not moot as to relator's request that the trial court issue a writ or hold an evidentiary hearing on his application. The trial court's order specifically states the trial court based its ruling on relator's application. It is apparent from the trial court's

order that relator did not receive the issuance of a writ or the evidentiary hearing he sought. Instead, the order shows the trial court affirmatively declined to issue a writ, hold an evidentiary hearing, or submit written evidence when it did not select the blanks corresponding with these actions. Additionally, the mandamus record does not show that the trial court issued a writ or held an evidentiary hearing, and the State does not assert otherwise.

Nothing in the order or record suggests that the trial court ruled on the merits of relator's equal protection claim. If the trial court had ruled on the merits of relator's habeas application, then the proper remedy would be to appeal the order denying relator's habeas application—not to seek mandamus review. *See Ex parte Villanueva*, 252 S.W.3d 391, 395 (Tex. Crim. App. 2008) ("[A]n appeal may be prosecuted when a judge issues a ruling on the merits."); *Ex parte Sifuentes*, 639 S.W.3d 842, 846 (Tex. App.—San Antonio 2022, pet. ref'd) (citation omitted) ("If the record shows that the trial court heard evidence and addressed the merits, the result is appealable."). Here, there is no indication the trial court ruled on the merits of relator's equal protection claim. Instead, the trial court's order indicates that relator's habeas application was denied without the development or consideration of an evidentiary record. Because the trial court did not issue a writ or rule on the merits of relator's habeas application, relator did not receive the relief he sought from the trial court, and a live controversy remains. *Cf. Winkler v. State*, 252 S.W.2d 944 (Tex. Crim. App. 1952) (holding case moot where there ceased to be live controversy).

## HABEAS CLAIM

Next, relator contends mandamus is proper to direct the trial court to issue a writ and to rule on the merits of his equal protection claim. *See* TEX. CODE CRIM. PROC. ANN. art. 11.15 (upon receiving an application for writ of habeas corpus, a trial court shall issue the writ "unless it be manifest from the petition itself, or some documents annexed to it, that the party is entitled to no relief whatever."). If relator's underlying habeas claim is cognizable, he may be entitled to relief.

*See id.*; *Click v. State*, 39 S.W.2d 39, 41 (Tex. Crim. App. 1931) ("Where one entitled to a writ of habeas corpus makes proper application for it to the proper court having jurisdiction, said application conforming to all the statutory requirements and probable cause being shown, the writ of habeas corpus cannot be denied to the relator, for it then becomes a constitutional right.").

On June 21, 2023, we issued an opinion holding that a selective-prosecution equal protection claim is cognizable in a pre-trial application for writ of habeas corpus. *See Ex parte Aparicio*, No. 04-22-00632-CR, 2023 WL 4095939, at *11 (Tex. App.—San Antonio June 21, 2023, pet. filed) (en banc). Relator asserts a similar claim here. In light of our decision in *Aparicio*, we believe the trial court should have an opportunity to reconsider its ruling—its decision not to issue the habeas writ or to hold an evidentiary hearing—on relator's habeas application. *See id.*; *see also In re Van Waters & Rogers Inc.*, 988 S.W.2d 740, 741 (Tex. 1998) (orig. proceeding) (per curiam) (denying mandamus relief in order to allow trial court to reconsider decision in light of new precedent); *In re Cent. Or. Truck Co., Inc.*, 644 S.W.3d 668, 671 (Tex. 2022) (orig. proceeding) (per curiam). Therefore, we deny the petition for writ of mandamus without prejudice to relator's ability to seek relief, if necessary, after the trial court has had an opportunity to reconsider its ruling.

Finally, relator filed a motion to urge the trial court to conduct a hearing on his application for writ of habeas corpus prior to his in-person setting on April 4, 2023, or in the alternative, to continue his in-person setting. Because April 4, 2023 has passed, relator's complaint about his required in-person attendance at the pretrial hearing is moot.

PER CURIAM

DO NOT PUBLISH