

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-23-00307-CR

**EX PARTE** Jose Francisco **CASTILLO-RAMOS**

Original Proceeding[1]

PER CURIAM

Sitting:      Luz Elena D. Chapa, Justice
Liza A. Rodriguez, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: September 6, 2023

PETITION FOR WRIT OF MANDAMUS DISMISSED IN PART AND DENIED WITHOUT PREJUDICE IN PART

Relator is a noncitizen who was arrested under Operation Lone Star, processed, and released on bond. After his bonded release, relator filed an application for writ of habeas corpus. He sought the issuance of a habeas writ, an evidentiary hearing, and dismissal of his underlying charges because, he alleges, the charges violate equal protection principles. The trial court denied relator's habeas application, without issuing a writ or holding a hearing. Relator filed this mandamus proceeding arguing the trial court erred by denying his application for writ of habeas corpus without issuing the habeas writ or holding a hearing.

For mandamus relief to be available in a criminal case, a relator "must show that he has no adequate remedy at law to redress his alleged harm" and "that what he seeks to compel is a

---

[1] This proceeding arises out of Cause No. 4021, styled *State of Texas v. Jose Francisco Castillo-Ramos*, pending in the County Court, Maverick County, Texas, the Honorable Susan D. Reed presiding.

ministerial act, not involving a discretionary or judicial decision." *See State ex rel. Young v. Sixth Jud. Dist. Ct. App. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding); *see also In re City of Lubbock*, 666 S.W.3d 546, 554 (Tex. Crim. App. 2023) (orig. proceeding) ("Mandamus relief is available for a novel issue or one of first impression with uncontested facts when the law points to but one clear result.").

### MANDAMUS JURISDICTION

We must first resolve whether the trial court ruled on the merits of relator's habeas application because, if it did, then the proper remedy is to appeal the order denying relator's habeas application—not to seek mandamus review. *See Ex parte Villanueva*, 252 S.W.3d 391, 395 (Tex. Crim. App. 2008) ("[A]n appeal may be prosecuted when a judge issues a ruling on the merits."); *In re Lara Belmontes*, No. 04-23-00293-CR, 2023 WL 5249618, at *2 (Tex. App.—San Antonio Aug. 16, 2023, orig. proceeding) (delineating mandamus is available to review the denial of a habeas application if the ruling was not on the merits); *Ex parte Sifuentes*, 639 S.W.3d 842, 846 (Tex. App.—San Antonio 2022, pet. ref'd) (citation omitted) ("If the record shows that the trial court heard evidence and addressed the merits, the result is appealable."); *see also Bell v. State*, 515 S.W.3d 900, 901 (Tex. Crim. App. 2017) (per curiam) (citation omitted) ("Appellate courts must review jurisdiction regardless of whether it is raised by the parties.").

The trial court's order is comprised of several options it can select as circumstances warrant. Here, the trial court chose the following:

The Court having considered [the Application] is of the opinion same should be:

    X   the Application is denied without issuing the writ.

The trial court did not select the following options:

   ___  the Application is granted, an order issuing the writ and hearing to be held _____.

___ the Application is granted with an order issuing the writ, and the merits will be heard by submission of evidence under the following schedule. . . .

The trial court's order and relator's record do not suggest that the trial court ruled on the merits of relator's equal protection claim. Instead, the trial court's order indicates that relator's habeas application was denied without issuing the writ or the development or consideration of an evidentiary record. Because the trial court did not issue a writ or rule on the merits of relator's habeas application, mandamus is the proper appellate vehicle to review relator's arguments. *See Villanueva*, 252 S.W.3d at 395; *Lara Belmontes*, 2023 WL 5249618, at *2; *Sifuentes*, 639 S.W.3d at 846.

## HABEAS CLAIM

On the merits of his petition, relator argues mandamus is proper to direct the trial court to issue a writ and to rule on the merits of his equal protection claim. *See* TEX. CODE CRIM. PROC. ANN. art. 11.15 (upon receiving an application for writ of habeas corpus, a trial court shall issue the writ "unless it be manifest from the petition itself, or some documents annexed to it, that the party is entitled to no relief whatever."). If relator's underlying habeas claim is cognizable, he may be entitled to relief. *See id.*; *Click v. State*, 39 S.W.2d 39, 41 (Tex. Crim. App. 1931) ("Where one entitled to a writ of habeas corpus makes proper application for it to the proper court having jurisdiction, said application conforming to all the statutory requirements and probable cause being shown, the writ of habeas corpus cannot be denied to the relator, for it then becomes a constitutional right.").

On June 21, 2023, we issued an opinion holding that a selective-prosecution equal protection claim is cognizable in a pre-trial application for writ of habeas corpus. *See Ex parte Aparicio*, No. 04-22-00632-CR, 2023 WL 4095939, at *11 (Tex. App.—San Antonio June 21, 2023, pet. filed) (en banc). Relator asserts a similar claim here. In light of our recent decision, we

believe the trial court should have an opportunity to reconsider its decision—not to issue the habeas writ or hold an evidentiary hearing—on relator's habeas application. *See id.*; *see also Ex parte Lizcano*, No. WR-68,348-03, 2018 WL 2717035, at *1 (Tex. Crim. App. June 6, 2018) (per curiam) (not designated for publication) (remanding case to trial court, in light of new authority, "to allow it the opportunity to develop evidence, make new or additional findings of fact and conclusions of law, and make a new recommendation" to the Court of Criminal Appeals); *accord In re Van Waters & Rogers Inc.*, 988 S.W.2d 740, 741 (Tex. 1998) (orig. proceeding) (per curiam) (denying mandamus relief in order to allow trial court to reconsider decision in light of new precedent); *In re Cent. Or. Truck Co., Inc.*, 644 S.W.3d 668, 671 (Tex. 2022) (orig. proceeding) (per curiam). Therefore, we deny the petition for writ of mandamus without prejudice to relator's seeking relief, if necessary, after the trial court has had an opportunity to reconsider its ruling.

Finally, relator argues that his in-person appearance at an April 4, 2023 pretrial hearing should be waived until the trial court rules on the merits of his habeas application.[2] Because this date has passed, relator's complaint about his required in-person attendance at the April 4, 2023 pretrial hearing is dismissed as moot.

PER CURIAM

DO NOT PUBLISH

---

[2] Relator raises an additional argument that he was provided insufficient notice of the April 4, 2023 hearing and, therefore, he should not be required to attend in-person. Because this argument is not necessary to the final disposition of this case, we do not address it. TEX. R. APP. P. 47.1.