

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00632-CR

**IN RE** Elmer Alexander **RODRIGUEZ LEIVA**

Original Proceeding[1]

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
            Beth Watkins, Justice
            Liza A. Rodriguez, Justice

Delivered and Filed: October 25, 2023

PETITION FOR WRIT OF MANDAMUS DENIED WITHOUT PREJUDICE

Relator, Elmer Alexander Rodriguez Leiva, is a noncitizen who was arrested under Operation Lone Star and charged with the misdemeanor offense of criminal trespass. After his arrest, Relator filed a pretrial application for writ of habeas corpus. In the application, Relator requested that the trial court issue a writ of habeas corpus, hold an evidentiary hearing, and dismiss his underlying charges because, he alleges, the charges violate equal protection principles. The trial court denied Relator's habeas application on May 4, 2023, without issuing a writ or holding a hearing. Relator then filed this petition for writ of mandamus, requesting that we order the trial court to issue a habeas writ and rule on the merits of Relator's habeas application.[2]

---

[1] This proceeding arises out of Cause No. 13729CR, styled *State of Texas v. Elmer Alexander Rodriguez Leiva*, pending in the County Court, Kinney County, Texas, the Honorable Susan D. Reed presiding.

[2] Relator also filed a motion to stay the underlying proceeding pending our final resolution of his mandamus petition, which we granted.

**MANDAMUS STANDARD**

For mandamus relief to be available in a criminal case, a "relator must show two things: (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act." *In re Bonilla*, 424 S.W.3d 528, 533 (Tex. Crim. App. 2014) (orig. proceeding); *see State ex rel. Young v. Sixth Jud. Dist. Ct. App. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). The ministerial-act requirement "is satisfied if the relator can show a clear right to the relief sought," which "is shown when the facts and circumstances dictate but one rational decision under unequivocal, well-settled . . . , and clearly controlling legal principles." *Bonilla*, 424 S.W.3d at 533.

**MANDAMUS JURISDICTION**

We must first determine whether the trial court ruled on the merits of Relator's habeas application—if it did, then Relator would have already received the relief he requested in his mandamus petition and there would be no actual controversy before the court that would be resolved by the judicial relief sought, rendering this proceeding moot. *See id*. at 534 (holding mandamus petition was moot where relator received relief sought); *Ex parte Villanueva*, 252 S.W.3d 391, 395 (Tex. Crim. App. 2008) ("[A]n appeal may be prosecuted when a judge issues a ruling on the merits."); *State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994) ("[J]urisdiction also depends on justiciability. And . . . for a controversy to be justiciable, there must be a real controversy between the parties that will be actually resolved by the judicial relief sought."); *James v. Hubbard*, 21 S.W.3d 558, 560 (Tex. App.—San Antonio 2000, no pet.) (stating that under the mootness doctrine there must be an actual controversy between the parties at all stages of the proceedings); *see also Bell v. State*, 515 S.W.3d 900, 901 (Tex. Crim. App. 2017) (per curiam) (citation omitted) ("Appellate courts must review jurisdiction regardless of whether it is raised by the parties."). If that were the case, the proper remedy would be to appeal the order

denying Relator's habeas application, not to seek mandamus review. *See Villanueva*, 252 S.W.3d at 395.

The trial court's order is a form containing blanks with several options to choose from. Here, the trial court chose the following:

The Court having considered [the application] is of the opinion same should be:

> x   the Application is denied without issuing writ[.]

The trial court did not select the following options:

> __ the Application is granted, an order issuing the writ and hearing to be held____.
> __ the Application is granted with an order issuing the writ, and the merits will be heard by submission of evidence under the following schedule. . . .

Neither the trial court's order nor the mandamus record suggest that the trial court ruled on the merits of Relator's equal protection claim. *See Ex parte Sanchez-Hernandez*, Nos. 13-22-00120-CR, 13-22-00121-CR, 2023 WL 3749555, at *2 (Tex. App.—Corpus Christi-Edinburg June 1, 2023, no pet.) (mem. op., not designated for publication) ("We review the entire appellate record to make the determination of whether a court's denial is merit-based."); *Ex parte Bowers*, 35 S.W.3d 926, 927 (Tex. App.—Dallas 2001, pet. ref'd) (holding that order and record may be considered to determine whether order was on the merits). Instead, the order indicates that the trial court denied Relator's habeas application without issuing the writ or considering an evidentiary record.

Because the trial court did not issue a writ or rule on the merits of Relator's habeas application, Relator has not received the relief he seeks in the petition he filed in this court, and there remains a live controversy. *See In re Lara Belmontes*, No. 04-23-00293-CR, 2023 WL 5249618, at *2 (Tex. App.—San Antonio Aug. 16, 2023, orig. proceeding).

**ANALYSIS**

In his mandamus petition, Relator argues that the trial court had a ministerial duty to issue a writ and rule on the merits of his equal protection claim. If Relator's underlying habeas claim is cognizable, he may be entitled to relief. *See Click v. State*, 39 S.W.2d 39, 41 (Tex. Crim. App. 1931); *Lara Belmontes*, 2023 WL 5249618, at *2; *In re Solis*, No. 04-04-00050-CV, 2004 WL 1336266, at *1 (Tex. App.—San Antonio June 16, 2004, orig. proceeding).

On June 21, 2023, we issued an opinion holding that a selective-prosecution equal protection claim is cognizable in a pre-trial application for writ of habeas corpus. *See Ex parte Aparicio*, 672 S.W.3d 696, 713 (Tex. App.—San Antonio 2023, pet. granted) (en banc). Relator asserts a similar claim here. In light of our decision in *Aparicio*, we believe the trial court should have an opportunity to reconsider its decision not to issue the habeas writ, hold an evidentiary hearing, or rule on the merits of Relator's application. *See id.*; *see also Ex parte Lizcano*, No. WR-68,348-034, 2018 WL 2717035, at *1 (Tex. Crim. App. June 6, 2018) (per curiam, not designated for publication) (remanding case to trial court, in light of new authority, "to allow it the opportunity to develop evidence, make new or additional findings of fact and conclusions of law, and make a new recommendation" to the Court of Criminal Appeals); *accord In re Van Waters & Rogers, Inc.*, 988 S.W.2d 740, 741 (Tex. 1998) (orig. proceeding) (per curiam) (denying mandamus relief to allow trial court to reconsider decision in light of new precedent); *In re Cent. Or. Truck Co., Inc.*, 644 S.W.3d 668, 671 (Tex. 2022) (orig. proceeding) (per curiam).

**CONCLUSION**

We deny the petition for writ of mandamus without prejudice to Relator's seeking relief, if necessary, after the trial court has had an opportunity to reconsider its ruling.

PER CURIAM

DO NOT PUBLISH